UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>      *Plaintiff*,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>400 7th Street, S.W.<br>Washington, DC 20219,<br><br>      *Defendant*. | Case No. 25-cv-2857 |

## COMPLAINT

*Introduction*

1. American Oversight brings this action following President Trump's unprecedented and legally dubious attempt at removing a sitting Federal Reserve Governor, Lisa Cook, from the independent Federal Reserve Board of Governors.[1]

2. The President's move appears to be the latest manifestation of his long running displeasure with the Federal Reserve, raising concern among even his allies in Congress over a sustained period.[2]

3. Announcing his effort to fire Governor Cook on social media, President Trump

---

[1] Michael S. Derby & Howard Schneider, *Trump Takes His Fed Fight to Unprecedented Level with Effort to Fire Cook*, Reuters (Aug. 26, 2025, 9:30 a.m.), https://www.reuters.com/business/finance/trump-takes-his-fed-fight-unprecedented-level-with-effort-fire-cook-2025-08-26/.

[2] Victoria Guida, *Republicans (Quietly) Disagree with Trump on the Fed*, Politico (Dec. 5, 2024, 5:00 a.m.), https://www.politico.com/news/magazine/2024/12/05/republicans-disagree-trump-fed-00192652.

cited to an accusation lobbed at Cook earlier this month by Federal Housing Finance Agency ("FHFA") Director William Pulte.[3]

4. In his role at FHFA, Director Pulte has levied similar "mortgage fraud" accusations—along with referrals to the Justice Department—against Senator Adam Schiff and New York Attorney General Leticia James, both of whom were previously involved in legal proceedings against the President.[4]

5. Since taking office on March 14, 2025, Director Pulte has spearheaded multiple controversial efforts, including ousting 14 members of the boards of the two government-controlled mortgage giants, Fannie Mae and Freddie Mac.[5]

6. On June 12, 2025, American Oversight submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking records with the potential to shed light on William Pulte's activities at FHFA.

7. In light of the need to inform the public concerning this matter, American Oversight brings this lawsuit to challenge the government's failure to respond to American Oversight's FOIA request.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and

---

[3] Christian Orozco, *Trump Moves to Oust Federal Reserve Governor Lisa Cook*, NBC News (Aug. 26, 2025, 7:15 a.m.), https://www.nbcnews.com/news/us-news/trump-moves-oust-fed-gov-lisa-cook-new-west-bank-settlement-threatens-rcna227161.

[4] Danny Nguyen, *Meet the Trump Housing Official Leading Probes into the President's Foes*, Politico (Aug. 21, 2025, 5:00 p.m.), https://www.politico.com/news/2025/08/21/bill-pulte-trump-housing-mortgage-00518558.

[5] *FHFA At-a-Glance*, U.S. Federal Housing Finance Agency, https://www.fhfa.gov/about/leadership/william-j-pulte (last visited Aug. 26, 2025); Matthew Goldstein, *Fannie Mae and Freddie Mac Are Shaken Up by Their Regulator*, N.Y. Times (Mar. 17, 2025), https://www.nytimes.com/2025/03/17/us/politics/fannie-mae-and-freddie-mac-shakeup.html.

28 U.S.C. §§ 1331, 2201, and 2202.

9. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

10. Defendant has failed to comply with the applicable time-limit provisions of FOIA.

11. American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

## PARTIES

12. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

13. Defendant Federal Housing Finance Agency ("FHFA") is an agency within the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FHFA has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

14. On June 12, 2025, American Oversight submitted a FOIA request to FHFA ("FHFA

Request" or "American Oversight's FOIA request"), bearing American Oversight tracking number

FHFA-25-1550, seeking the following records:

1. All email communications (including emails, complete email chains, calendar invitations, and attachments thereto) sent by Director Bill Pulte, or anyone communicating on his behalf such as an assistant or scheduler, to any email address ending in .com, .co, .us, .net, .org, .mail, .edu, .law, .legal, .ch, .me, .ru, or .group.

   In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part 1 of its request to emails sent by Director Pulte. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means, for example, that both Director Pulte's response to an email from an email address ending in .com and the initial received message are responsive to this request and should be produced.

2. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between Director Pulte and (b) anyone in the White House Office (including anyone communicating from an email address ending in @who.eop.gov).

   Please note that American Oversight does not seek, and part 2 of this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. For example, if Director Pulte received a mass-distribution news clip email from the White House, that initial email would not be responsive to this request. However, if he forwarded that email to another listed individual with commentary, that subsequent message would be responsive to this request and should be produced.

3. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between Director Pulte, and (b) anyone communicating from an email address ending in @mail.house.gov or containing senate.gov.

   Please note that American Oversight does not seek, and part 3 of this request specifically excludes, the initial mailing of news clips or other mass-distribution emails. However, subsequent communications responding to or forwarding such emails are responsive to this request. For example, if Director Pulte received a mass-distribution news clip email from any email address ending in @mail.house.gov, that initial email would not be responsive to this request. However, if he forwarded that email to another

   listed individual with commentary, that subsequent message would be responsive to this request and should be produced.

4. All calendars or calendar entries for Director Pulte, including any calendars maintained on his behalf.

   American Oversight requests that the calendars be produced in a format that includes all invitees, any notes, and all attachments. Please do not limit your search to electronic calendars; we request the production of any calendar — paper or electronic, whether on government- issued or personal devices — used to track or coordinate how the Director Pulte allocates his time on agency business.

   This search should include any calendars associated with Director Pulte accounts, as well as any official calendars maintained for him, including by an aide, assistant, or scheduler.

5. Records reflecting any ethics waivers, waivers of conflict of interest, conflict disclosures, and/or financial disclosures, whether formal or informal, proposed or completed for Director Pulte.

6. All guidance — including directives, instructions, directions, memoranda, policies, procedures, informal email guidance, and/or any other written guidance — issued by Director Pulte.

7. All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) <u>sent by</u> Director Pulte — and/or anyone communicating on their behalf, including a chief of staff, assistant, and/or secretary — <u>and</u> containing any of the key terms listed below:

   <u>Key Terms</u>:

   a. "Project 2025"
   b. P2025
   c. Heritage
   d. MAGA
   e. "Department of Government Efficiency"
   f. DOGE
   g. Elon
   h. Musk
   i. USDS
   j. "clean house"
   k. "shut down"
   l. Shutter

5

m. resign*
n. dismantl*
o. eliminat*
p. freez*
q. froz*
r. reduc*
s. separat*
t. gut
u. death
v. die
w. RIF
x. "admin leave"
y. "admin. leave"
z. "administrative leave"
aa. purg*
bb. remov*
cc. terminat*
dd. dismiss*
ee. fir*
ff. "stop work"
gg. "stop-work"
hh. Tish
ii. Leticia

Please note that American Oversight is using the asterisk (*) to designate the standard use of "wildcards" in the search for responsive records. For example, a search for "separat*" would return all of the following: separate, separation, separating, etc. If your agency is unable to search for wildcards, please advise so that we may specifically include the variations that we would like searched.

In an effort to accommodate your office and reduce the number of potentially responsive records to be processed and produced, American Oversight has limited part seven of this request to emails <u>sent</u> by any of Director Pulte— and/or anyone communicating on his behalf, such as a chief of staff, assistant, and/or secretary. To be clear, however, American Oversight still requests that complete email chains be produced, displaying both sent and received messages. This means that both Director Pulte's response to an email and the initial received message are responsive to this request and should be produced.

**Please provide all responsive records from March 14, 2025, through the date the search is conducted.**

15. A true and correct copy of the FHFA Request is attached as Exhibit A, and American Oversight incorporates Exhibit A by reference as though stated fully herein.

16. As of the time of this filing, FHFA has not issued a final determination in response to the FHFA Request.

17. As of the time of this filing, FHFA has not communicated with American Oversight in any way about the FHFA Request.

*Exhaustion of Administrative Remedies*

18. As of the date of this Complaint, Defendant has failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

19. Through Defendant's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of Defendant.

22. Defendant is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

23. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

24. Defendant's failure to conduct adequate searches for responsive records violates FOIA and applicable regulations.

25. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request, the FHFA Request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

26. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. American Oversight properly requested records within the possession, custody, and control of Defendant.

28. Defendant is an agency subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide lawful reasons for withholding any materials.

29. Defendant is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to American Oversight's FOIA request, the FHFA Request.

30. Defendant's failure to provide all non-exempt responsive records violate FOIA and applicable regulations.

31. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to American Oversight's FHFA Request, and provide indexes justifying withholdings of any responsive records

withheld under claims of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to the FHFA Request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to the FHFA Request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the FHFA Request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 26, 2025                         Respectfully submitted,

*/s/ Benjamin A. Sparks*
Benjamin A. Sparks
D.C. Bar No. 90020649
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 873-1741
ben.sparks@americanoversight.org

*Counsel for Plaintiff*